UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL VALENZUELA, | Case No. 1:25-cv-00841-CDB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE |
| v. | |
| Z. WILLIAMS, *et al.*, | |
| Defendants. | (Doc. 6, 7) |
| | **14-DAY DEADLINE** |
| | Clerk of the Court to Randomly Assign District Judge |

Plaintiff John Paul Valenzuela is a prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action with the filing of a complaint on July 11, 2025. (Doc. 1).

**I.    Background**

On November 14, 2025, the Court screened Plaintiff's complaint, finding that Plaintiff failed to allege any cognizable claims, and granted leave to amend. *See* (Doc. 6). Any amended complaint was due on or before 30 days from the date of service of the Court's order. *Id.* at 13. Plaintiff was forewarned that if "Plaintiff fails to comply with this order, the undersigned will recommend that this action be dismissed for failure to obey the Court's orders and failure to

prosecute." *Id.* (emphasis omitted). On November 28, 2025, service of the order by mail on Plaintiff at his last known address—Fresno County Jail, P.O. Box 872, Fresno, California 93712—was returned by the U.S. Postal Service as "Undeliverable, Not in Custody." *See* (dkt. 11/28/2025).

On December 5, 2025, the Court issued an order directing Plaintiff to show cause in writing, within 21 days of service, why sanctions should not be imposed for his failure to keep the Court apprised of his current address and comply with the Court's orders and the Local Rules. *See* (Doc. 7). Plaintiff was again warned that "[a]ny failure by Plaintiff to timely respond to this Order will result in the recommendation that this action be dismissed, without prejudice, for Plaintiff's failure to comply with the Local Rules and to obey a court order." *Id.* at 3 (emphasis omitted). The order was served on Plaintiff and returned by the U.S. Postal Service as "Undeliverable, Not in Custody." *See* (dkt. 12/22/2025).

Plaintiff has not responded to the order to show cause and the deadline to do so has passed.

**II.    Governing Law and Analysis**

A pro se plaintiff must comply with orders of the court. Local Rule ("L.R.") 183. Failure to comply with a court order may be grounds for imposition of sanctions, including dismissal or any other sanction appropriate under the Local Rules. L.R. 110, 183. The district court's inherent power to control its docket also allows the court to impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *see* L.R. 110.

In considering whether to dismiss an action for failure to comply with a court order, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Plaintiff has failed to advance and prosecute this

case by responding to the first screening order or the Court's show cause order, thereby delaying resolution of this litigation. Accordingly, this factor weighs in favor of dismissal.

The Court's need to manage its docket also weighs in favor of dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642. Here, Plaintiff's failure to respond to the Court's orders is delaying this case and interfering with docket management. Therefore, the second factor also weighs in favor of dismissal.

With respect to the third factor, the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643. Plaintiff's failure to comply with the Court's orders and to prosecute this case is causing a delay. The third factor also weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further, unnecessary expenditure of its scarce resources. Because Plaintiff was incarcerated but cannot be located, as evidenced by the return of the Court's mail to Plaintiff, and because Plaintiff has not remedied in his complaint deficiencies noted in the Court's screening order, monetary sanctions are of little use and the preclusion of evidence or witnesses is not available. The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). "A district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik,* 963 F.2d at 1262. Plaintiff has twice been warned that failure to comply with the Court's orders may result in a recommendation of dismissal. *See* (Docs. 6, 7). Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of imposing the harshest possible sanction of dismissal with

prejudice.

The fifth factor, the public policy favoring the disposition of cases on their merits, ordinarily weighs against dismissal. *See In re Phenylpropanolamine Prods. Liab. Litig*., 460 F.3d 1217, 1228 (9th Cir. 2006). However, because Plaintiff has disregarded the Court's orders, this factor does not, therefore, weigh completely against dismissal.

After weighing these factors, the undersigned finds that dismissal without prejudice is appropriate.

### III.    Conclusion and Recommendation

The Clerk of the Court is directed to randomly assign a District Judge.

For the foregoing reasons, it is hereby RECOMMENDED:

1.    This action be dismissed without prejudice for Plaintiff's failure to comply with the Court's orders and failure to prosecute this action; and

2.    The Clerk of the Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. **Any pages filed in excess of the 15-page limitation may be disregarded** by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

///

///

///

///

4

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **January 12, 2026**

_____
UNITED STATES MAGISTRATE JUDGE